UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SG EQUIPMENT FINANCE USA CORP.,

        Plaintiff,

-v-                              No. 09 Civ. 7167 (LTS)(GWG)

DEMITRI NIKITIN, et al.,

        Defendants.

-------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  0 2 MAR 2010
```

## ORDER

        Currently before the Court is plaintiff SG Equipment Finance USA Corp.'s ("Plaintiff") January 29, 2010, motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for default judgment against Demitri Nikitin and Fonon Technology International, Inc ("Defendants"). The Court's records reflect that Defendants executed waivers of service on September 8, 2009; answers were therefore due on November 9. No answers were filed until well after the default judgment motion practice was initiated. As required by the Court's December 8, 2009, order, authorizing Plaintiff to seek a default judgment, Plaintiff's motion is accompanied by evidence, in admissible form, of facts it would have proffered to meet its burden of proof on its direct case against Defendants had a trial been held in this action. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

        Plaintiff's motion is <u>granted</u> for the following reasons. Following the Court's December 8, 2009, grant of Plaintiff's request for authorization to make a motion for default judgment, the Clerk of Court issued a certificate noting Defendants' default on December 11, 2009. After the Court extended Defendants' time to appear because outgoing counsel had failed to serve them with a copy of this Court's order granting his withdrawal application, Defendants failed to

properly file and serve a notice of appearance by the new, extended deadline of January 19, 2010. Defendants filed an answer on January 22, 2010. The Clerk of Court issued another certificate of default on January 25, 2010, noting Defendants' failure to file a timely answer and to comply with other Court orders on a timely basis.

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). All three factors weigh in favor of granting Plaintiff's motion for default judgment.

Defendants' failure to respond to the complaint until the filing of their perfunctory answer on January 22, 2010 (some two and one-half months after their answers were due and over a month after the Clerk's first certificate of default was issued), indicates willful conduct. Plaintiff's factual allegations relating to liability[1] are deemed admitted by virtue of Defendants' failure to file a timely answer. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

The Court has reviewed thoroughly Defendants' January 22, 2010, answer and their February 11, 2010, opposition to Plaintiff's motion. Neither submission proffers any facts indicative of the existence of a meritorious defense to the allegations contained in Plaintiff's complaint. Furthermore, denying the motion would be unfairly prejudicial to Plaintiff, as Plaintiff is not Defendants' only creditor and Defendants have delayed this collection action by failing to respond substantively to Plaintiff's complaint since they removed this case to federal court in August 2009.

---

[1] Federal Rule of Civil Procedure 8(b)(6) provides, in relevant part, that "An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."

Accordingly, Defendants' request that their default be set aside is denied, and Plaintiff's motion for judgment by default is granted.

The Court has considered carefully the evidence presented in the instant motion and finds that Plaintiff has sustained its burden of proving its entitlement to an award of damages comprising the $665,019.60 outstanding under the contracts at issue, plus interest thereon at the contractual rate of 18% per annum from June 1, 2009, to the date of entry of judgment, together with taxes in the amount of $39,901.17, late charges in the amount of $635.33, property tax in the amount of $340.58, and attorney's fees, costs and expenses in the total amount of $36,002.48.

The Clerk of Court is respectfully requested to enter judgment against the Defendants, jointly and severally, for the sum of the foregoing amounts. Interest will accrue on the judgment at the rate set forth in 28 U.S.C. § 1961.

This order resolves docket entry no. 31. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

Dated: New York, New York
       March 2, 2010

_____
LAURA TAYLOR SWAIN
United States District Judge